UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MOBILITY WORKX, LLC,<br><br>   *Plaintiff*,<br>v.<br><br>COMCAST OTR1, LLC,<br>COMCAST PHONE, LLC,<br>COMCAST CABLE<br>COMMUNICATIONS, LLC, and<br>COMCAST CABLE<br>COMMUNICATIONS<br>MANAGEMENT, LLC,<br><br>   *Defendants*. | Case No. 4:25-cv-00754<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Mobility Workx, LLC ("Plaintiff" or "Mobility Workx") files this complaint against Defendants Comcast OTR1, LLC ("OTR"), Comcast Phone, LLC ("CP"), Comcast Cable Communications, LLC ("CCC"), and Comcast Cable Communications Management, LLC ("CCCM") (OTR, CP, CCC, and CCCM collectively "Xfinity") for infringement of U.S. Patents Nos. 7,697,508 (the "'508 Patent") and 8,213,417 (the "'417 Patent") (collectively the "Patents in Suit").

**I. PARTIES**

  1. Plaintiff Mobility Workx, LLC, is a Florida limited liability company

1

that maintains its principal place of business at 215 Circle Drive, Winters, TX 79567.

2. Mobility Workx is the owner of U.S. Patent No. 7,697,508, entitled "System, Apparatus, and Methods for Proactive Allocation of Wireless Communication Resources," issued April 13, 2010.

3. Mobility Workx is the owner of U.S. Patent No. 8,213,417, entitled "System, Apparatus, and Methods for Proactive Allocation of Wireless Communication Resources," issued July 3, 2012.

4. Defendant Comcast OTR1, LLC ("OTR"), is a Delaware limited liability company with its principal place of business located at 1701 John F Kennedy Boulevard, Philadelphia, Pennsylvania 19103. OTR is registered to do business in this state and may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5. Defendant Comcast Phone, LLC ("CP"), is a Delaware limited liability company with its principal place of business located at 1500 Market Street, Philadelphia, Pennsylvania 19102. CP is registered to do business in this state and may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6. Defendant Comcast Cable Communications, LLC ("CCC") is a

Delaware limited liability company with its principal place of business at 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103.

7. Defendant Comcast Cable Communications Management, LLC ("CCCM") is a Delaware limited liability company with its principal place of business at 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103. CCCM is registered to do business in this state and may be served through its registered agent Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8. OTR, CP, CCC, and CCM (collectively "Xfinity") act jointly with respect to all acts alleged herein.

## II. JURISDICTION AND VENUE

9. Mobility Workx's patent infringement claims arise under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Defendants because they conduct substantial business throughout Texas, including in this District, and derive substantial revenue from products and/or services they make, use, offer to sell, sell, or import in Texas and this District that infringe the Patents in Suit.

11. Venue is proper in this District and division pursuant to

28 U.S.C. §§ 1391 and 1400, because Defendants have both committed acts of infringement in this District and have regular and established places of business in this District.

12. Defendants have regular and established places of business in this District including at 2740 N. Dallas Parkway, Suite 100, Plano, Texas, 750933 and 3500 E. Plano Parkway, Plano, Texas, 75074.

13. Defendants own the websites https://www.xfinity.com/learn/mobile and https://business.comcast.com/learn/mobile. Through their websites, Defendants make, use, offer to sell, and/or sell products and services in this District that infringe the Patents in Suit. Defendants also induce and/or contribute to others infringing the Patents in Suit in this District.

### III. COUNT I: INFRINGEMENT OF THE '508 PATENT

14. Mobility Workx hereby restates, realleges, and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein. Mobility Workx further alleges as follows:

15. Mobility Workx is the owner by assignment of all rights, title, and interest in the '508 Patent. A copy of the '508 patent is attached hereto as Exhibit 1. The '508 Patent is presumed valid and enforceable.

16. Upon information and belief, Defendants make, use, offer for sale, sell, and/or import certain products and services ("Accused Handover

Products/Services") in the United States and in this District that directly infringe one or more claims of the '508 Patent literally or under the doctrine of equivalents, including at least claims 7 and 14 of the '508 Patent as set forth in the preliminary infringement claim chart attached as Exhibit 2.

17. Upon information and belief, Defendants knowingly and intentionally induce infringement of the '508 Patent in violation of 35 U.S.C. § 271(b). Prior to, or at least through, the filing and service of this complaint, Defendants knew of the '508 Patent and the infringing nature of the Accused Handover Products/Services. Defendants however continue to actively encourage users of their products and services to make and use the Accused Handover Products/Services so as to directly infringe the '508 Patent. Defendants do so with knowledge and intent that the users of their products and services commit these acts of infringement.

18. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Handover Products/Services despite knowing of the '508 Patent, thereby specifically intending for and inducing users of their products and services to infringe the '508 Patent through their ordinary use of the Accused Handover Products/Services.

19. On information and belief, Defendants contribute to infringement of the '508 Patent by making, using, offering to sell, selling, and/or importing the Accused Handover Products/Services that have no substantial non-infringing uses.

20. To the extent Defendants have infringed or continues to infringe after knowledge of the '508 Patent, such infringement is deliberate, knowing, and willful under 35 U.S.C § 271.

21. Mobility Workx, under 35 U.S.C. § 284, may recover damages adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringers, Defendants, together with interest and costs as fixed by the Court. To the extent applicable, Plaintiff has complied with the patent marking statute, 35 U.S.C. § 287.

22. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Mobility Workx to recover treble damages and attorneys' fees.

### IV.    COUNT II: INFRINGEMENT OF THE '417 PATENT

23. Mobility Workx hereby restates, realleges, and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

24. Mobility Workx is the owner by assignment of all rights, title, and interest in the '417 Patent. A copy of the '417 patent is attached hereto as Exhibit 3. The '417 Patent was subject to an *Inter Partes* Review and claims 3 and 6 remain valid and enforceable.

25. Upon information and belief, Defendants made, used, offered for sale, sold, and/or imported Accused Handover Products/Services in the United States and in this District that directly infringed one or more claims of the '417 Patent, literally

or under the doctrine of equivalents, including at least claims 3 and 6 of the '417 Patent as set forth in the preliminary infringement claim chart attached as Exhibit 4.

26. Upon information and belief, Defendants knowingly and intentionally induced infringement of the '417 Patent in violation of 35 U.S.C. § 271(b). Prior to the filing and service of this complaint, Defendants knew of the '417 Patent and the infringing nature of the Accused Handover Products/Services. Defendants, however, continued to actively encourage users of their products and services to use the Accused Handover Products/Services so as to directly infringe the '417 Patent. Defendants did so with knowledge and intent that the users of their products and services commit these acts of infringement. Defendants also continued to make, use, offer for sale, sell, and/or import the Accused Handover Products/Services despite knowing of the '417 Patent, thereby specifically intending for and inducing users of their products and services to infringe the '417 Patent through their ordinary use of the Accused Handover Products/Services.

27. On information and belief, Defendants contributed to infringement of the '417 Patent by making, using, offering to sell, selling, and/or importing the Accused Handover Products/Services that had no substantial non-infringing uses.

28. To the extent Defendants infringed after knowledge of the '417 Patent, such infringement was deliberate, knowing, and willful under 35 U.S.C § 271.

29. Mobility Workx, under 35 U.S.C. § 284, may recover damages

adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants together with interest and costs as fixed by the Court. To the extent applicable, Plaintiff has complied with the patent marking statute, 35 U.S.C. § 287.

30. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Mobility Workx to recover treble damages and attorneys' fees.

## PRAYER FOR RELIEF

Mobility Workx respectfully requests that the Court enter:

a. A judgment that the Patents in Suit are valid and enforceable;

b. A judgment that Defendants infringed directly and/or indirectly, either literally and/or under the doctrine of equivalents, the Patents in Suit;

c. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the Patents in Suit;

d. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants;

e. Any and all injunctive or equitable relief to which Mobility Workx is entitled, including but not limited to ongoing royalties with respect to Defendants' infringement of the Patents in Suit; and,

f.  Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 11, 2025                           Respectfully Submitted,

By: /s/ Daniel Ravicher

| | |
|---|---|
| Michael Machat (CA Bar No. 109475) | Daniel Ravicher (FL Bar No. 102809) |
| Machat & Associates, PC | ZEISLER PLLC |
| 8730 W. Sunset Blvd., Ste. 250 | 80 SW 8th St Suite 3110 |
| West Hollywood, CA 90069 | Miami, FL 33130 |
| Phone: 310-860-1833 | Phone: (786) 505-1205 |
| michael@machatlaw.com | dan@zeisler-law.com |

*Counsel for Plaintiff*