**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| MOBILITY WORKX, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST OTR1, LLC, COMCAST PHONE, LLC, COMCAST CABLE COMMUNICATIONS, LLC, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendants. | Case No. 4:25-cv-00754<br><br>**JURY TRIAL DEMANDED** |

**ANSWER**

Defendants Comcast OTR1, LLC, Comcast Phone, LLC, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC (collectively, "Comcast"), by and through their undersigned counsel, hereby respond to the Complaint filed by plaintiff Mobility Workx, LLC ("Plaintiff"). *See* Dkt. 1.

**The Parties**

1. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis denies the allegations in Paragraph 1.

2. Comcast admits that the '508 Patent, on its face, is entitled, "System, Apparatus, and Methods for Proactive Allocation of Wireless Communication Resources," and bears an issuance date of April 13, 2010. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis denies the remaining allegations in Paragraph 2.

3. Comcast admits that the ’417 Patent, on its face, is entitled, “System, Apparatus, and Methods for Proactive Allocation of Wireless Communication Resources,” and bears an issuance date of July 3, 2012. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and on that basis denies the remaining allegations in Paragraph 3.

4. Comcast admits that Comcast OTR1, LLC (“OTR”), is a Delaware limited liability company with a principal place of business located at 1701 John F Kennedy Boulevard, Philadelphia, Pennsylvania 19103. Comcast also admits that OTR is registered to do business in this state and may be served through its registered agent Corporation Service Company. Except as expressly admitted, Comcast denies the remaining allegations in Paragraph 4.

5. Comcast admits that Comcast Phone, LLC (“CP”), is a Delaware limited liability company. Comcast also admits that CP is registered to do business in this state and may be served through its registered agent Corporation Service Company. Except as expressly admitted, Comcast denies the remaining allegations in Paragraph 5.

6. Comcast admits that Comcast Cable Communications, LLC (“CCC”) is a Delaware limited liability company with a principal place of business at 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103. Except as expressly admitted, Comcast denies the remaining allegations in Paragraph 6.

7. Comcast admits that Comcast Cable Communications Management, LLC (“CCCM”) is a Delaware limited liability company with a principal place of business at 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103. Comcast also admits that CCCM is registered to do business in this state and may be served through its registered agent

Corporation Service Company. Except as expressly admitted, Comcast denies the remaining allegations in Paragraph 7.

8. Comcast denies the allegations in Paragraph 8.

**Jurisdiction and Venue**

9. Admitted that Plaintiff purports to bring an action that arises under Title 35 of the United States Code. Comcast does not contest federal subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Comcast denies the remaining allegations in Paragraph 9.

10. Comcast does not contest personal jurisdiction over it for the limited purpose of this action only. Except as expressly admitted, Comcast denies the remaining allegations in Paragraph 10.

11. Comcast denies the allegations in Paragraph 11.

12. Admitted that Masergy Communications, Inc. has an office at 2740 N. Dallas Parkway, Suite 100, Plano, Texas, 75093. Admitted that Comcast acquired Masergy Communications, Inc. Except as expressly admitted, Comcast denies the remaining allegations in Paragraph 10.

13. Comcast denies the allegations in Paragraph 13.

**Count I: Infringement of the ’508 Patent**

14. Comcast incorporates its responses to Paragraphs 1–13.

15. Comcast admits that Exhibit 1 to the Complaint purports to be a copy of the ’508 Patent, but denies that it is a valid, enforceable, or properly issued patent. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and on that basis denies the remaining allegations in Paragraph 15.

16. Comcast admits that Exhibit 2 to the Complaint purports to be a claim chart. Comcast denies the remaining allegations in Paragraph 16.

17. Comcast denies the allegations in Paragraph 17.

18. Comcast denies the allegations in Paragraph 18.

19. Comcast denies the allegations in Paragraph 19.

20. Comcast denies the allegations in Paragraph 20.

21. Comcast denies the allegations in Paragraph 21.

22. Comcast denies the allegations in Paragraph 22.

## Count II: Infringement of the ’417 Patent

23. Comcast incorporates its responses to Paragraphs 1–22.

24. Comcast admits that Exhibit 3 to the Complaint purports to be a copy of the ’417 Patent, but denies that it is a valid, enforceable, or properly issued patent. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and on that basis denies the remaining allegations in Paragraph 24.

25. Comcast admits that Exhibit 4 to the Complaint purports to be a claim chart. Comcast denies the remaining allegations in Paragraph 25.

26. Comcast denies the allegations in Paragraph 26.

27. Comcast denies the allegations in Paragraph 27.

28. Comcast denies the allegations in Paragraph 28.

29. Comcast denies the allegations in Paragraph 29.

30. Comcast denies the allegations in Paragraph 30.

## Prayer for Relief

Comcast denies each and every allegation of the Complaint, including that Plaintiff is entitled to any relief and Plaintiff's Prayer for relief, which herein has been neither admitted nor controverted.

## DEFENSES

### FIRST DEFENSE
### (License and Exhaustion)

31. Plaintiff's claims are barred, in whole or in part, by express and/or implied license and/or exhaustion.

### SECOND DEFENSE
### (Failure to State a Claim)

32. Plaintiff's claims all fail to state a claim upon which relief can be granted.

### THIRD DEFENSE
### (Invalidity)

33. One or more of the claims of the patents-in-suit asserted by Plaintiff are invalid for failure to satisfy the conditions of patentability set forth in Section 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE
### (Non-Infringement of the Patents)

34. Comcast does not infringe and has not infringed any valid and enforceable claim of the patents-in-suit, literally or under the doctrine of equivalents, alone or jointly with third parties. To the extent Plaintiff alleges a claim for infringement of the patents-in-suit based on the doctrine of equivalents, that claim is barred under the doctrine of prosecution history estoppel and/or any other limits to the doctrine of equivalents, and Plaintiff is estopped from claiming that the patents-in-suit cover any accused Comcast method, system, and/or product.

**FIFTH DEFENSE**
**(Limitation on Damages)**

35. Plaintiff is not entitled to a reasonable royalty and has not sustained lost profits, and thus Plaintiff is not entitled to an award of damages. Further, Plaintiff is not entitled to enhanced or increased damages, or attorneys' fees, on the basis that this case is exceptional. Plaintiff's right to seek damages is further limited by 35 U.S.C. §§ 284, 286, and/or 287.

**SIXTH DEFENSE**
**(No Attorneys' Fees)**

36. Plaintiff is not entitled to recover attorneys' fees associated with this action, including without limitation under 35 U.S.C. § 285, or costs associated with this action, including without limitation under 35 U.S.C. § 288.

**SEVENTH DEFENSE**
**(Standing/Ownership)**

37. To the extent Plaintiff was not the sole and total owner of all substantial rights in any of the patents-in-suit as of the filing date of the Complaint, Plaintiff lacks standing to bring one or more claims in this lawsuit.

**EIGHTH DEFENSE**
**(Acquiescence, Estoppel, Waiver, or Laches)**

38. On information and belief, Plaintiff's claims and the relief sought are barred, in whole or in part, by the equitable doctrines of acquiescence, estoppel, waiver, and/or laches.

**NINTH DEFENSE**
**(No Injunctive Relief)**

39. Plaintiff is not entitled to either preliminary or permanent injunctive relief because it has not pleaded the requisite elements for such relief, any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff has an adequate remedy at law for any alleged injury, the

balance of hardships does not warrant a remedy in equity, and/or there is no compelling public interest that would be served by an injunction.

**TENTH DEFENSE**
**(No Willful Infringement)**

40. Plaintiff is not entitled to enhanced or increased damages for willful infringement because Comcast has not engaged in any conduct that meets the standard for willful infringement.

**RESERVATION OF ADDITIONAL DEFENSES**

41. Comcast reserves any and all additional defenses available under Section 35 of the United States Code, the rules, regulations, or laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing, or later arising, as may be discovered.

**PRAYER FOR RELIEF**

WHEREFORE, Comcast denies that Plaintiff is entitled to any relief requested in its Prayer for Relief. Comcast therefore requests that the Court enter judgment in Comcast's favor and against Plaintiff on all of Plaintiff's claims; that the Court find this case exceptional and award Comcast its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award Comcast such other further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Under Rule 38 of the Federal Rules of Civil Procedure, Comcast demands a trial by jury on all issues so triable.

Dated: October 6, 2025

Respectfully submitted,

By: */s/ Deron R. Dacus*
Deron R. Dacus
**The Dacus Firm, PC**

821 Ese Loop 323
Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903) 581-2543

Samhitha Medatia
Kirsten Fehlan
**BALLARD SPAHR LLP**
999 Peachtree Street NE
Suite 1600
Atlanta, GA 30309
Phone: (678) 420-9300
Facsimile: (678) 420-9301
medatias@ballardspahr.com
fehlank@ballardspahr.com

*Attorneys for Defendants Comcast OTR1, LLC, Comcast Phone, LLC, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on October 6, 2025, a true and correct copy of the foregoing document was served via electronic mail to all counsel of record for Plaintiff, as set forth in the CM/ECF system for this case:

Daniel Ravicher
ZEISLER PLLC
80 SW 8th St Suite 3110
Miami, FL 33130
Phone: (786) 505-1205
dan@zeisler-law.com

Michael Machat
Machat & Associates, PC
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Phone: 310-860-1833
michael@machatlaw.com

Dated: October 6, 2025

Respectfully submitted,

By: */s/ Deron R. Dacus*

Deron R. Dacus
**The Dacus Firm, PC**
821 Ese Loop 323
Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903) 581-2543

Samhitha Medatia
Kirsten Fehlan
**BALLARD SPAHR LLP**
999 Peachtree Street NE
Suite 1600
Atlanta, GA 30309
Phone: (678) 420-9300
Facsimile: (678) 420-9301
medatias@ballardspahr.com
fehlank@ballardspahr.com

*Attorneys for Defendants Comcast OTR1,*

*LLC, Comcast Phone, LLC, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC*